UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Vanessa HYMAN<br>    *Plaintiff*,<br><br>v.<br><br>MASHANTUCKET PEQUOT INDIAN<br>TRIBE OF CONNECTICUT, Michael<br>THOMAS, Thomas LONDREGAN,<br>Gregory CARNESE, Robert F. COYNE,<br>Maxine MATTA, and Jennifer APES,<br>    *Defendants*. | 3:21-CV-00459 (KAD)<br><br><br><br>JUNE 9, 2022 |

**MEMORANDUM OF DECISION**
**RE: DEFENDANTS' MOTIONS TO DISMISS, ECF Nos. 24 & 26**

Kari A. Dooley, United States District Judge:

This case arises out of a years' long custody dispute between Plaintiff Vanessa Hyman and Defendant Michael Thomas ("Thomas"), who is a member of the Mashantucket Pequot Tribal Nation ("MPTN").[1] Plaintiff brings claims against Thomas and MPTN, as well as Thomas Londregan, Gregory Carnese, Robert F. Coyne, Maxine Matta, and Jennifer Apes (the "Tribal Defendants") seeking monetary, declaratory, and injunctive relief for, *inter alia*, violations of her due process rights and for the intentional infliction of emotional distress. Plaintiff sued each of the natural person defendants in both their official and individual capacities, except for Defendant Apes who is sued only in her official capacity.

Pending before the court are two motions to dismiss, one filed by Defendant Thomas and the second filed by the remaining Defendants in which the Defendants assert, principally, that the

---

[1] Defendants indicated that the Tribe's official name is the "Mashantucket (Western) Pequot Tribe, a/ka the Mashantucket Pequot Tribal Nation." (ECF No. 24-1, at 2 n.1.) Although the case is captioned differently, the Court uses the Tribe's official name, or an abbreviation of the same, in this decision.

court lacks subject matter jurisdiction to hear this case. For the reasons set for the below, the Motions to Dismiss are GRANTED.

**Allegations**[2]

Plaintiff is the mother of Defendant Thomas's daughter, and in July 2004 Defendant Thomas commenced a custody action in a court of the MPTN. Other than the MPTN itself—which is a federally recognized Indian tribe with a reservation located in the state of Connecticut—the remaining defendants fill various roles in the MPTN and the MPTN family court system. Defendant Thomas, in addition to being the father of Plaintiff's daughter, is a MPTN employee; Defendant Londregan is a judge of the MPTN court; Defendant Carnese is a guardian ad litem appointed by the court; Defendant Matta is a guardian ad litem appointed by the court; Defendant Coyne is a Family Relations Officer of the MTPN; and Defendant Apes is a tribal employee. Compl. ¶¶ 5–11, 16–18.

The tribal court issued a joint custody order on October 14, 2004. These proceedings were allegedly done in private, without due process, and with reliance on untruthful and fake documents. Over at least the next fifteen years, the Defendants engaged in a course of conduct that deprived Plaintiff of her ability to see her child and of her civil rights. These deprivations included a period of 106 days in 2008 during which time Plaintiff was only able to see her daughter for six hours. Plaintiff also indicates that during this fifteen-year period, there were numerous disputes concerning child support and that at various times the Defendants conspired to unlawfully influence these proceedings, including by ignoring certain communications, filing defamatory documents, and perpetrating fraud. Several of the Defendants, including Defendants Londregan,

---

[2] The Court has summarized the relevant allegations of the Complaint, which are accepted as true for purposes of the decision. Additional, specific allegations will be provided as needed. Further, the Court observes that several paragraphs in the Complaint reference affidavits, but none were attached to the Complaint or otherwise filed with the Court.

and Carnese, are also accused of violating their duties to the Plaintiff's child. Further, Defendants MPTN, Thomas, Londregan, Coyne, and Matta are accused of conspiring to oppress Plaintiff's civil rights and make her child a ward. Compl. ¶¶ 16–44.

Plaintiff brings five causes of action based on these allegations: (1) A claim pursuant to 42 U.S.C. § 1983 for a violation of her constitutional rights; (2) A claim for intentional infliction of emotional distress; (3) A claim for fraud on the court pursuant to 19 U.S.C. § 2315(b); (4) A claim for abuse of power; and (5) A claim for defamation of character pursuant to 28 U.S.C. § 4101.

**Legal Standard**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or the complaint and exhibits attached to it . . . , the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). The task of the district court is to determine whether, after accepting as true all material factual allegations of the complaint and drawing all reasonable inferences in favor of the plaintiff, the alleged facts affirmatively and plausibly suggest that the court has subject matter jurisdiction. *Id.* at 56–57. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

Nevertheless, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**Discussion**

The Tribal Defendants assert that the Court is without subject matter jurisdiction because the Complaint does not raise a question of federal law insofar as Plaintiff's § 1983 claim is frivolous on its face and because, although not pleaded, the Complaint cannot support an inference of diversity jurisdiction. Alternatively, the Tribal Defendants advance several bases upon which they would be entitled to judicial and/or qualified immunity which would bar recovery against the Tribal Defendants. Defendant Thomas largely echoes the Tribal Defendants' arguments, but he also assets that Plaintiff has failed to state a claim for which relief can be granted. Plaintiff generally opposes each of these arguments.

The Court agrees with the Defendants that it does not have subject matter jurisdiction over this dispute, and, consequently, it does not reach Defendants' alternative arguments. *See Jennifer Matthew Nursing & Rehabilitation Center v. U.S. Dep't of Health & Human Services*, 607 F.3d 951, 955 (2d Cir. 2010) (noting that a court's "inquiry to ascertain whether [it has] subject matter jurisdiction ordinarily precedes [its] analysis of the merits"). None of Plaintiff's claims raise a substantial question of federal law, and the presence of the MPTN in the lawsuit destroys any inference of diversity jurisdiction. *See Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974) (discussing limitations on federal question jurisdiction); *Romanella v. Hayward*, 114 F.3d 15, 16 (2d Cir. 1997) (discussing diversity jurisdiction and the MPTN).

Article III of the U.S. Constitution extends the judicial power to cases "arising under" federal law. *See also* 28 U.S.C. § 1331 (authorizing the federal courts to have jurisdiction over civil cases arising under federal law). A suit arises under federal law if a federal statute creates the cause of action or if a plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27–28 (1983). However, simply purporting to raise a federal issue

in a complaint will not automatically confer federal question jurisdiction: A federal district court may only exercise federal question jurisdiction if the federal cause of action alleged is not patently without merit. *See Perpetual Securities, Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) (quoting *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 70 (1978)) (emphasis in *Perpetual Securities, Inc.*); *see also Oneida Indian Nation*, 414 U.S. at 666 (indicating that there may not be federal jurisdiction where a claim is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a controversy within the jurisdiction of the District Court").

None of the claims in the Complaint meet the requirements for federal question jurisdiction. The Plaintiff's primary claim is purportedly brought pursuant to 42 U.S.C. § 1983, which provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." The text of the statute requires that a named defendant must be alleged to have acted under color of **state** law, and courts have consistently held that § 1983 requires that a defendant be alleged to have engaged in **state** action in order to be considered a **state** actor subject to suit. *See*, *e.g.*, *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 298 (2001) (finding that an athletic association was a state actor for purposes of § 1983 and subject to suit). Without state action, § 1983 does not apply. *See*, *e.g.*, *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 269 (2d Cir. 2014) (finding no state action because there was not a sufficiently close nexus between the defendant and the state).

5

Here, the Plaintiff only alleges that the Defendants acted under color of tribal law—not state law. The alleged constitutional violations underlying the § 1983 claim all stem from a child custody dispute conducted in a tribal court, which acted in accordance with tribal law. Indeed, all of the Defendants are alleged to be either an Indian tribe, tribal officials, or tribal employees: None are alleged to be states, state employees, or state actors. And while the Complaint does make a conclusory allegation that the Defendants were acting "under color of law," the Complaint does not allege that the tribe or any of these officials were acting pursuant to state authority either directly or through some other theory of state action. *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (noting that there is no single test for identifying state actions and state actors). To the contrary, the Complaint repeatedly claims that the Defendants' injurious acts took place in tribal courts using tribal resources and exercising tribal authority, including, at one point, the tribal police. The conclusory invocation of "color of law" contained in the Complaint can only be read to indicate that the Defendants were acting under color of tribal law and not state law.[3]

Absent any allegations capable of supporting an argument that the Defendants were state actors engaged in state action, § 1983 is inapplicable. And in this particular case, the Court's conclusion that the alleged conduct could have only occurred under color of tribal law deprives the Court of federal question jurisdiction pursuant to 28 U.S.C. § 1331.[4] *See Pistor v. Garcia*, 791

---

[3] The Complaint includes references to state court cases with respect to which some of these Defendants may have been involved, and Plaintiff's memorandum includes citations to seven cases without explanation as to their relevance or import. Even presuming that some of the Defendants were involved in those cases, the Complaint contains no facts suggesting that any of the Defendants did anything other than participate in a legal proceeding, which does not give rise to state action for purposes of § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n.21 (1982) (indicating that the "mere invocation of state legal procedures" does not create state action stratifying the § 1983 requirement of action under color of law).

[4] While the Court's decision unavoidably considers the merits of the Complaint's allegations that the actions complained of occurred under color of state law, this consideration only goes so far as to consider whether the facts alleged give rise to a substantial federal question which would be sufficient to support jurisdiction. In other words, this case is not one in which a plaintiff's invocation of § 1983 implicates a contested, if deficiently plead, allegation of state action. *Compare*, *e.g.*, *Dahlberg v. Becker*, 748 F.2d 85, 90–92 (2d Cir. 1984) (affirming district court's decision to dismiss a § 1983 complaint for failing to state a claim where the defendants contested that their actions

F.3d 1104, 1115 (9th Cir. 2015) ("As we have long recognized, actions under section 1983 cannot be maintained in federal court for persons alleging a deprivation of constitutional rights under color of tribal law.") (quotations omitted); *R.J. Williams Co. v. Fort Belknap Housing Authority*, 719 F.2d 979, 982 (9th Cir. 1983) (holding that there was no federal jurisdiction to hear a § 1983 claim against an Indian tribe because "actions taken under color of tribal law are beyond the reach of § 1983") *cert. denied* 472 U.S. 1016 (1985); *E.F.W. v. St. Stephan's Indian High School*, 264 F.3d 1297, 1305–06 (10th Cir. 2001) (affirming dismissal of a § 1983 claim because the defendants acted under color of tribal law); *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991) (concluding that "the actions of the Director of Health Services for the Citizen Band Pottawatomie Tribe were not under color of state law for the purposes of maintaining plaintiff's suit against him under 42 U.S.C. § 1983"). In other words, because the Complaint seeks to apply § 1983 to tribal actors engaged in tribal action under color of tribal law, this claim is patently without merit and so does not provide this Court with subject matter jurisdiction. *See Perpetual Securities, Inc.*, 290 F.3d at 137.

Of the Complaint's remaining claims, two counts are also patently without merit because they too invoke federal laws that are inapplicable to the facts alleged. One, a claim for "Fraud on the Court," invokes 19 U.S.C. § 2315(b), which was originally enacted as a part of the Trade Act of 1974 and addresses material misrepresentations made in the course of determining whether adjustment assistance is due to workers injured by international trade. *See* Trade Act of 1974, Pub. L. No. 93-618, 88 Stat. 1978, 2026 (1975). The other, a claim for "Defamation of Character," invokes 28 U.S.C. § 4101, which was enacted as part of the Securing the Protection of Our Enduring and Established Constitutional Heritage Act and addresses the use of foreign defamation

---

were fairly attributable to the state). Section 1983, and the other federal laws invoked, simply do not apply to these facts, making those claims "patently without merit." *See Perpetual Securities, Inc.*, 290 F.3d at 137.

judgments to chill free speech. *See* SPEECH Act, Pub. L. No. 111-223, 124 Stat. 2380, 2381 (2010). These statutes have nothing to do with allegations that an Indian tribe and its members conspired to violate the Plaintiff's due process rights in connection with a custody dispute. They therefore do not provide the Court with subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

The last two of Plaintiff's claims do not invoke federal law. One is a cause of action for intentional infliction of emotional distress under state law.[5] *See Appleton v. Bd. of Educ. of Town of Stonington*, 254 Conn. 205, 210 (2000). The second is titled a cause of action for "Abuse of Power" and does not invoke any law at all; it merely alleges that all of the Defendants have engaged in official misconduct. This allegation does not invoke any federal law or even state a cognizable cause of action.

Finally, the Court also agrees with the Defendants that the presence of MPTN as a defendant would destroy diversity jurisdiction even if had it been invoked. *Romanella*, 114 F.3d at 16 ("[T]he diversity [jurisdiction] statute's provision for suits between citizens of different states, 28 U.S.C. § 1332(a), strictly construed, cannot be said to embrace suits involving Indian tribes.").

**Conclusion**

For the forgoing reasons, the Court is without subject matter jurisdiction to hear this case, and the pending motions to dismiss are granted. The Clerk of the Court is directed to close the file.

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of June 2022.

 /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[5] If the Plaintiff's other claims raised a substantial federal question, the Court could consider whether it had supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to hear this claim for intentional infliction of emotional distress. However, because the Court concludes that it does not have original jurisdiction pursuant to 28 U.S.C. § 1331 for any of the Plaintiff's claims, the Court does not reach a supplemental jurisdiction analysis.